Yasser Ibrahim S. Mohamed
ABAUAELIAN,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–72106.

United States Court of Appeals,
Ninth Circuit.

Submitted April 14, 2005.*

Decided May 12, 2005.

Yasser Ibrahim S. Mohamed Abauaeli-an, Tucson, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, James E. Grimes, Esq., Margaret Perry, Esq., Jennifer L. Lightbody, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, THOMPSON, and RYMER, Circuit Judges.

## MEMORANDUM **

Yasser Ibrahim Mohamed Abauaelian petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen and dismissing his appeal from the Immigration Judge's (IJ) denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Because the parties are familiar with the facts, we refer to them only as necessary for this decision.

■ Abauaelian claims his status as a stateless Palestinian amounts to and is the equivalent of persecution.[1]

■ Statelessness alone does not warrant a grant of asylum; the INA explicitly contemplates asylum applicants with "no nationality." 8 U.S.C. 1101(a)(42)(A). Such applicants are evaluated by referring to their country of last habitual residence. *Id.* The applicant must demonstrate he is "unable or unwilling to return to ... that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.*

Abauaelian asserts he is stateless, but he has failed to establish that he suffered past persecution or that he has a well-founded fear of future persecution. The IJ's denial of asylum and withholding of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. As an initial matter, we reject the Government's contention that Abauaelian has failed to exhaust his administrative remedies. Abauaelian argued before the IJ that stateless Palestinians are entitled to asylum as a matter of law, regardless of whether an applicant demonstrates specific instances of persecution. He appealed that issue to the BIA and he has therefore satisfied the requirement of exhaustion.

removal, affirmed by the BIA, is supported by substantial evidence.

■ Abauaelian also argues the BIA should have taken administrative notice of the changed country conditions he offered in support of his motion to reopen. We understand Abauaelian's argument, but reject it. In determining whether to reopen the proceedings, the BIA found that the documents Abauaelian submitted did not show he would be denied entry into Israel or that the treatment Palestinians face in Israel amounts to persecution. We conclude the BIA did not abuse its discretion in denying Abauaelian's motion to reopen.

PETITION DENIED.